RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 9/30/14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JUSTIN DALE TUREAU, KENNETH JAMES GUILBEAU and RITCHIE GROCER CO. | CIVIL ACTION NO. 13-2969 (LEAD) 13-2977 (MEMBER) |
| VERSUS | JUDGE DRELL |
| 2 H, INC., BOPCO, LP, HESS CORP., BEPCO, LP, GOLDSBERRY OPERATING CO., INC. | MAGISTRATE JUDGE KIRK |

## J U D G M E N T

Before the court is the magistrate judge's Report and Recommendation ("R&R"),[1] recommending that plaintiffs' actions be severed into three (3) separate suits: the Tureau suit, the Guilbeau suit and Ritchie Grocer Co. suit. The R&R further recommends that defendant Goldsberry Operating Company be dropped as a defendant from each of these suits on the basis that no plaintiff actually claims that it operated on their property and it no longer exists and, therefore, no recovery may be had against it by any plaintiff by these actions. The R&R similarly recommends that 2H, Inc. be dropped as a defendant from both the Tureau and Ritchie Grocer Co. suits because these plaintiffs do not allege that 2H, Inc. operated on their property. The R&R calls for discovery on the issue of whether or not 2H, Inc. is still in existence for the purpose of determining whether or not this defendant remains viable as to the Guilbeau suit. Finally, the R&R recommends that plaintiffs' motion to remand[2] be denied as to the

---

[1] R. 34.
[2] R. 17 (R. 15 in Civ. Act. No. 13-2977).

1

Tureau and Ritchie Grocer Co. suits, having dropped all non-diverse defendants in those matters, and recommends withholding a ruling on remand as to the Guilbeau suit pending the outcome of discovery on the issue of 2H, Inc.'s status.

Following issuance of the R&R, the magistrate judge ordered limited discovery on the issue of 2H, Inc.'s status, which was completed and as to which a brief was filed by defendant Hess Corp. as instructed.[3] The court has carefully reviewed the brief, as well as the various objections and reply briefs offered by the parties to the R&R and discovery brief.[4] The court finds that defendants have demonstrated that no plaintiff could recover against defendant 2H, Inc. and, thus, the joinder of this defendant is improper.[5]

After careful, de novo review of the entire record in this matter, including the numerous briefs referenced above, that the proposed findings of the magistrate judge are correct under applicable law and jurisprudence and, therefore, it is hereby

**ORDERED** that the claims asserted by each plaintiff in Civil Actions 13-2969 and 13-2977 are to be severed as to each plaintiff and each plaintiff's claims shall be assigned a separate civil action number by the Clerk of Court. In so ruling, those portions of the motions filed by defendants BEPCO, BOPCO and Hess Corp. seeking to sever improperly joined parties are hereby **GRANTED**.[6] It is further

---

[3] R. 35, 45.
[4] R. 36, 39, 40, 42, 46, 47.
[5] Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 312 (5th Cir. 2002). Specifically, the court notes that Louisiana's Secretary of State revoked 2H's Articles of Incorporation more than twenty-nine (29) years ago, none of the remaining surviving listed directors or agents have any knowledge of 2H or any assets and, additionally, that evidence before the court indicates that all reasonable efforts have been made to contact any remaining persons affiliated with 2H and such efforts have been fruitless. See, R. 45, generally.
[6] R. 18, 20 (R. 16, 18 in Civ. Act. No. 13-2977).

**ORDERED, ADJUDGED** and **DECREED** that all claims against defendants Goldsberry Operating Company, Inc. and 2H, Inc. are **DENIED** and **DISMISSED** without prejudice. It is further

**ORDERED** that plaintiffs' Motions to Remand are **DENIED** in all respects.[7]

It is further

**ORDERED** that all remaining motions pending in Civil Actions 13-2969 (Docs. 15, 18, 19, 20) and 13-2977 (Docs. 14, 16, 18) are **TERMINATED**. Any party wishing to refile any motion tailored to the particulars of an individual action may do so after the Clerk of Court assigns new civil actions numbers to the newly-severed suits in keeping with our orders above. The Clerk shall designate the three new suits as **RELATED** matters.

**THUS DONE AND SIGNED** at Alexandria, Louisiana this 30 day of September, 2014.

DEE D. DRELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[7] R. 17 (R. 15 in Civ. Action. No. 13-2977).

3