U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

DEC 1 4 2015

TONY R. MOORE, CLERK
BY _____ DEPUTY

c

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

JUSTIN DALE TUREAU

VERSUS

2H, INC., ET AL.

DOCKET NO. 13-cv-02969

JUDGE DEE D. DRELL
MAGISTRATE JUDGE JAMES D. KIRK

### REPORT AND RECOMMENDATION

Before the court is a motion filed pursuant to Fed.R.Civ.P 12(b)(6) by defendant, Hess Corp. (Doc. 125). Hess seeks dismissal of claims asserted by plaintiff, Justin Dale Tureau ("Tureau"), in the second supplemental and amending complaint (Doc. 122).

Tureau initially filed this "legacy litigation"[1] lawsuit in the 12th Judicial District Court, Parish of Avoyelles with two other landowners, Kenneth James Guilbeau and Ritchie Grocer Company. The three plaintiffs owned four separate but contiguous tracts of land in the Eola Oil Field which they alleged were contaminated as a result of oilfield operations conducted by 2 H, Incorporated, Goldsberry Operating Company, Inc., Hess Corporation, BEPCO, L.P.

---

[1] As explained in Marin v. Exxon Mobil Corp., 48 So.3d 234, 238 n.1(La.2010), "'[l]egacy litigation' refers to hundreds of cases filed by landowners seeking damages from oil and gas exploration companies for alleged environmental damage . . . These types of action are known as "legacy litigation" because they often arise from operations conducted many decades ago, leaving an unwanted "legacy" in the form of actual or alleged contamination." (Citations omitted).

and BOPCO, L.P., or their predecessors in interest. The three plaintiffs sought damages, remediation and injunctive relief.

The suit was removed to this court by BEPCO, L.P. and BOPCO, L.P. on the basis of diversity jurisdiction and plaintiffs' motion to remand was denied by the district judge (Doc. 52). Thereafter, the cases were severed and each plaintiff was allowed to proceed under their own docket number (Doc. 52).

On January 5, 2015, Tureau filed a Supplemental and Amending Complaint (Doc. 71) naming Hess Corporation, Chevron U.S.A. Inc. and Four Star Oil and Gas Company[2] as defendants. Tureau alleged they or their successors in interest contaminated the two tracts of land he owned via oil and gas exploration and/or production related activities. Tureau entered a prayer for relief seeking: compensatory damages, punitive damages, costs, injunctive relief, remediation, unjust enrichment damages and all other equitable relief.

On January 19, 2015, Hess filed a motion to dismiss for failure to state a claim (Doc. 74). I issued a report and recommendation (Doc. 74) which the district judge adopted (Doc. 96). Tureau's claims for fraud, punitive damages, continuing tort, continuing trespass, civil fruits, ulta-hazardous activity, claims under Louisiana Civil Code articles 2317 and 2322, unjust

---

[2] Four Star Oil and Gas Company was dismissed with prejudice pursuant to a stipulation entered into by the parties (Doc. 114).

2

enrichment, Mineral Code article 22, Restatement (Second) of Torts §324A and Civil Code article 2688 were dismissed. The motion to dismiss was denied with respect to all other claims.

On August 25, 2015, Tureau filed his second supplemental and amending complaint to clarify assertions in: paragraph 7 that defendant's predecessors contaminated surface and subsurface soils and waters; paragraph 19 that Hess is strictly liable under Louisiana Civil Code articles 667, 2317 and 2322; and, paragraph 20 that defendants owe a duty to restore the property to its original condition.

In response to the filing of the amended complaint, Hess filed a motion to dismiss for failure to state a claim (Doc. 125). Tureau filed his oppositions thereto (Doc. 128) to which the defendant replied (Doc. 130). As the motion has been thoroughly briefed and referred to me for report and recommendation, it is ripe for consideration.

## Legal Standard

To survive a motion to dismiss filed pursuant to Fed.R.Civ.P. 12(b)(6), the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 622, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." Id. All well pleaded facts shall be deemed as true and all reasonable inferences must be drawn in the plaintiffs' favor. Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 239 (5th Cir.2009). Nonetheless, a motion to dismiss filed pursuant the Fed.R.Civ.P. 12(b)(6) "is viewed with disfavor and rarely granted." Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, 677 F.2d 1045, 1050 (5th Cir.1982).

## Law and Analysis

### Article 667

Tureau amends his complaint at paragraph 19 to add additional details to his assertion that he is entitled to relief under article 667. Hess seeks dismissal of the claim and argues that Tureau failed to comply with my prior report and recommendation because he didn't address the factors I noted from Inabnet v. Exxon Corporation, 642 SO.2d 1243 (La. 1991) – "such as the temporal order of the leases or other rights, the nature of the rights, the types of activities normally incidental to the use for which the rights were granted, the damage-causing party's knowledge of the existence of the damages party's rights, the availability of alternative methods of exercising the right so as to cause little or no damage, and others." Id. at 1252. While Hess is correct that I made reference to the Inabnet factors, I was not indicating these factors had to be set forth by Tureau to state a claim. These are all fact questions that are considered when determining

fault, but they are not elements that must be set forth in order to state a plausible claim. Accordingly, I find that Tureau has stated a claim pursuant to the pre amendment version of article 667.

To the extent Tureau seeks to assert claims under article 667 post 1996, these claims fail. There are no allegations that the defendants did any work on the property beyond the 1950s or 1960s and there are no allegations which support a claim for continuing tort.

Articles 576, 577 and 645

Hess seeks to dismiss Tureau's claims for damages arising from violation of personal servitudes of use applicable to the property in accordance with the provisions of La.C.C. arts 576, 577 and 645. Hess sought dismissal of these claims in its prior motion to dismiss (Doc. 74) but I inadvertently failed to address the argument in my report and recommendation (Doc. 94).

Tureau fails to state a claim under these articles as he fails to allege that Hess held a servitude of personal use on the property, that Hess violated terms of the contract granting the servitude or that Hess violated any of the suppletive rules applicable to servitudes under articles 576 and 577. Accordingly, these claims should be dismissed.

Articles 2317 and 2322

Tureau amends his complaint to reassert a claim for premises liability under articles 2317 and 2322. To establish a claim under 2317, he must allege "(1) the thing causing his damage was in the custody of the defendant; (2) the thing had a 'defect' or a condition creating an unreasonable risk of harm; and, (3) the defective condition caused plaintiff's injuries." Hebert v. Sw. La. Elec. Membership Corp., 667 So.2d 1148, 1157 (La.App. 3 Cir., 1995)(Citation omitted). To establish a claim under 2322, he must allege "(1) ownership of the building; (2) the owner knew or, in the exercise of reasonable care, should have known of the ruin or defect; (3) the damage could have been prevented by the exercise of reasonable care; (4) the defendant failed to exercise such reasonable care; and, (5) causation." Broussard v. State ex re. Office of State Bldgs., 113 So.3d 175, 182-183 (La.2013).

Tureau claims that the defendants had *garde* of the facilities and equipment that caused the pollution. He notes that the unlined earthen pits that were under their custody and control and the wells, tanks, tank batteries, other facilities and pipelines buried underground are in a condition well below the standard required by both a prudent operator and the State of Louisiana. However, he still fails to assert these alleged "defects" or "ruin" plausibly caused an unreasonable risk of harm. "Allegations that the defendants had custody of facilities, that the facilities

6

'contained' a defect, and that the facilities caused harm in the form of pollution are not enough; the harm must be *caused* by the allegedly defective condition in order for a claim under article 2317 or 2322 to lie." Alford v. Chevron U.S.A., Inc., 2015 WL 151333, *11 (E.D.La. 2015) (Citations omitted). See also Alford v. Chevron U.S.A., Inc.,13 F.Supp.3d 581, 609 (E.D.La. 2014). Accordingly, he fails to properly assert a claim for premises liability under either article 2317 or 2322.

Restoration of Property

Finally, Hess argues that Tureau's allegations for restoration of his property are insufficient to state a claim for restoration to its original, pre-lease condition.[3] "Mineral Code article 122 does not impose an implied duty to restore the surface to its original pre-lease condition absent proof that the lessee has exercised his rights under the lease unreasonably or excessively." Terrebonne Parish School Board v. Casatex Energy, Inc., 893 So.2d 789, 801(La. 2005).

In paragraph 7 of his second supplemental and amending complaint, Tureau states, "[s]ince at least the 1930's [sic], it has been common knowledge in the oil industry that disposal of oilfield waste in unlined earthen pits inevitably results in

---

[3] In his response, Tureau leads with a caption that states the appropriate standard is pre-lease condition, less normal wear and tear; however, the allegations in his complaint and the substance of his argument are that he seeks restoration of his land to pre-lease condition.

7

seepage, which contaminates both surface and subsurface soils and waters." (Doc. 122, p.1). Tureau also asserts in paragraph 20 that defendant dumped pollution, knowing it would contaminate the soil and water and allowed it to remain there long after the lease expired. Thus, defendant exceeded its rights under the lease. I find these assertions state a claim for restoration of his land, and if proven, allow for restoration of the property to its original, pre-lease condition. Accordingly, this claims should not be dismissed.

## Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that the motion to dismiss be **GRANTED** in part as his claims under post amendment article 667, articles 576, 577 and 645, and 2317 and 2322 should be dismissed. In all other respects, the motion is **DENIED**.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. . A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge

is neither required nor encouraged. Timely objections will be considered by the district judge before making a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL, THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers at Alexandria, Louisiana this 14 day of December, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE