RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE 4 / 1 / 2016
BY MB

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **JUSTIN DALE TUREAU** | **CIV. ACT. NO. 13-2969** |
| -vs- | **JUDGE DRELL** |
| **2H, INC., ET AL.** | **MAG. JUDGE PEREZ – MONTES** |

## JUDGMENT

For the reasons contained in the Report and Recommendation of the Magistrate Judge previously filed herein, and after independent (de novo) review of the record including the objections filed herein, and having determined that the findings and recommendations are correct under the applicable law; it is hereby

**ORDERED, ADJUDGED** and **DECREED** that Defendant Chevron's motion to dismiss, (Doc. 123) is **GRANTED** in part, such that Plaintiff's purported claims under La. Civ. C. Arts. 576, 577, 645, 2317 and 2322 and **DENIED** and **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted. Plaintiff's motion is further **GRANTED** as to Plaintiff's purported claim under the post-amendment version of La. Civ. C. Art. 667. Chevron's motion is **DENIED** in all other respects.

In so finding, we note that Chevron timely filed objections to the Report and Recommendation, incorporating by reference the objections filed by its co-defendant Hess Corp. in Doc. 134 regarding the Magistrate Judge's inclusion of certain dicta referencing the "pre-lease condition" standard of remediation. (Doc. 135). As expressed in the Judgment issued as to Hess

Corp.'s motion to dismiss (Doc. 125), we note that such language is dicta; unbinding on any future proceeding in this matter.[1]

**THUS DONE AND SIGNED** at Alexandria, Louisiana this 1st day of April, 2016.

DEE D. DRELL, CHIEF JUDGE
UNITED STATES DISTRICT JUDGE

---

[1] By way of dicta we also note that Plaintiff asserts both contractual and statutory remediation claims against Chevron, as opposed to his claims against Hess Corp., which are solely statutory. Plaintiff vaguely refers to an express provision which he asserts imposes a more stringent remediation burden than that required by the statutes. (Doc. 127 at pp. 3-4). Thus to clarify, before the statutory remediation standard can be applied in this case, the court must find that the contractual remediation clause advanced by Plaintiff is inapplicable or merely restates the statutory burden.