

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JUSTIN DALE TUREAU | CIV. ACT. NO. 13-2969 |
| -vs- | JUDGE DRELL |
| 2H, INC., ET AL. | MAG. JUDGE PEREZ – MONTES |

### AMENDED JUDGMENT

Although it results in no substantive change to the court's prior judgment, issued April 1, 2016, we issue this amended judgment at the request of counsel for Hess Corp. and for the sake of increased clarity. The judgment reads:

For the reasons contained in the Report and Recommendation of the Magistrate Judge previously filed herein, and after independent (de novo) review of the record including the objections filed herein, and having determined that the findings and recommendations are correct under the applicable law; it is hereby

**ORDERED, ADJUDGED** and **DECREED** that Defendant Hess Corp.'s motion to dismiss, (Doc. 125) is **GRANTED** in part, such that Plaintiff's purported claims under La. Civ. C. Arts. 576, 577, 645, 2317 and 2322 are **DENIED** and **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted. Defendant's motion is further **GRANTED** as to Plaintiff's purported claim under the post-amendment version of La. Civ. C. Art. 667 and such claim is **DENIED** and **DISMISSED** with prejudice. Defendant Hess Corp.'s motion is **DENIED** in all other respects.

In so finding, we note that we agree with the one objection filed by Hess Corp. (Doc. 134), but do not find that the dicta contained in the Report and Recommendation regarding

1

prospective remediation is binding on any future proceeding. As argued by Hess Corp., any finding of a duty to remediate and the scope of that duty is a fact-intensive inquiry for the trial court and would lie outside the scope of the Report and Recommendation at issue. La. R.S. 30:29; <u>Marin v. Exxon Mobil Corp.</u>, 48 So.2d 234, 259 (La. 2010) (recognizing that the lessee engaging in disposal and storage of oilfield waste has a duty to remediate to pre-lease condition, minus normal wear and tear, but that determining what constitutes "necessary wear and tear" in each case is fact-specific and subject to the Louisiana Mineral Code's "prudent operator" standard). Out of an abundance of caution, however, the court will adopt the Report and Recommendation with the exception of this particular statement which, again, we find to be dicta : "…and if proven, allow for restoration of the property to its original, pre-lease condition." (Doc. 131 at p. 8).

**THUS DONE AND SIGNED** at Alexandria, Louisiana this 4th day of April, 2016.

DEE D. DRELL, CHIEF JUDGE
UNITED STATES DISTRICT JUDGE