RECEIVED

AUG 2 3 2016

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF LOUISIANA
### ALEXANDRIA DIVISION

---

| | |
|---|---|
| **JUSTIN DALE TUREAU** | **CIV. ACT. NO. 13-2969** |
| **-vs-** | **JUDGE DRELL** |
| **2 H INC., ET AL.** | **MAG. JUDGE PEREZ-MONTES** |

---

### MEMORANDUM RULING

Now before the court is a motion for partial summary judgment filed by defendant Hess Corporation ("Hess") (Doc. 136) in the above-captioned case. The motion has been appropriately briefed and is now ripe for decision.[1] For the reasons explained below, the court finds that Hess' motion should be **GRANTED**.

**I.     BACKGROUND**

**A.  Relevant Facts**

The above-captioned case is one of three (3) legacy lawsuits formerly belonging to a single civil action originally filed in Louisiana's 12th Judicial District Court for the Parish of Avoyelles. The case was removed to this court in October of 2013.[2] In September of 2014, each plaintiff's claims were severed and assigned separate civil action numbers.[3]

This particular suit concerns two parcels of land in Louisiana's Eola Oil and Gas Field. The first, approximately 40 acres, more or less, lying West and North of the Union Pacific Railroad, located in Section 6, Township 2 South, Range 3 East, in Avoyelles Parish, Louisiana

---

[1] Plaintiff's memorandum in opposition is found in the record at Doc. 140. Hess' reply brief is found at Doc. 141.
[2] Doc. 1.
[3] Doc. 52. The additional related civil actions are: 14-2867, Guilbeau v. 2 H, Inc., et al. and 14-2868, Ritchie Grocer Co. v. 2 H, Inc., et al.

("Tureau Tract 1") and the second, approximately 40.87 acres, more or less, located in Irregular Section 1, Township 2 South, Range 2 East, in Avoyelles Parish, Louisiana ("Tureau Tract 2").[4]

Hess is the successor in interest to several oil and gas exploration entities, including Amerada Petroleum Corporation, Amerada Hess Corporation and Amerada Division Amerada Hess Corporation (collectively, "Amerada"). By leases dated December 4, 1935, Plaintiff's predecessor in title, Mrs. Ouida Beyers Madole granted mineral leases to P.N. Wiggins, Jr. and J.A. Patton ("1935 leases").[5] Two months later, Wiggins and Patton assigned their interests in the 1935 leases to Amerada.[6] Hess' predecessor was granted an additional mineral lease covering Tureau Tract 1 by Theodore M. Enochs ("Enochs lease") in 1938.[7] Amerada Petroleum Corporation, as predecessor-in-interest to Hess, conducted operations on Tract 1 pursuant to the 1935 leases and Enochs lease. In 1939, Amerada drilled a well on Tract 1, named the Heirs of Patrick H. Glaze, et al., #6 (bearing serial number 23392) (the ("No. 6 Well").[8] The No. 6 Well was plugged and abandoned in 1947 according to Louisiana Department of Natural Resources records.[9]

Mineral leases were granted on Tract 2 in 1969 by Plaintiff's predecessors-in-title, Daisy Mouliere Evans and Lessie Mouliere Terry ("Evans and Terry leases"). The Evans and Terry leases were granted in favor of Hess' predecessors and, in 1971, a majority of the rights associated with these leases were assigned to another unassociated operator.[10] Neither Hess, nor its

---

[4] 2006 Cash Sale at Doc. 136-3. As pointed out in Hess' motion, Plaintiff originally purchased approximately 160 acres of land in the 2006 transaction, but later sold approximately 120 acres to Kenneth J. Guilbeau by an act of Cash Sale dated November 30, 2007. (Doc. 136-6). Thus, Plaintiff's ownership interest as of the date of this suit is limited to "Tureau Tract 1" as described above. (Doc. 136-55).
[5] Beginning with 12/4/35 mineral lease granted by Madole to Wiggins. Docs. 136-7 – 136-21.
[6] Assignments from Wiggins to Amerada dated 2/7/36 at Docs. 136-22 – 136-36.
[7] Mineral lease dated 11/4/38 by Enochs to Amerada at Doc. 136-37.
[8] Docs. 136-55 and 136-51.
[9] Doc. 136-51 at pp. 43, et seq.
[10] Docs. 136-40, -41, -42.

predecessors operated any wells on Tract 2 and the Evans and Terry leases were released by the end of 1973.[11]

Plaintiff acquired his interest in Tract 1 by Act of Cash Sale dated March 10, 2006.[12] Plaintiff acquired his interest in Tract 2 by Act of Cash Sale dated June 25, 2007.[13] Plaintiff's suit alleges that Tract 1 and Tract 2 have been contaminated by the oil and gas exploration and production activities of Hess and its predecessors.[14]   Plaintiff's suit seeks various damages, including, but not limited to, the costs of remediation pursuant to La. R.S. 30:29.[15]

Hess' instant motion seeks dismissal of all claims by Plaintiff against it on the basis that the successive purchaser doctrine bars Plaintiff's purported right of action in this case, making summary judgment in Hess' favor correct as a matter of law.

## A.     Applicable Standard

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute of material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "We consider all evidence 'in the light most favorable to the party resisting the motion.'" Seacor Holdings, Inc. v. Commonwealth Ins. Co., 635 F.3d 675, 680 quoting Trevino v. Celanese Corp., 701 F.2d 397, 407 (5th Cir. 1983).   However, the non-moving party does not establish a genuine dispute with "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence."

---

[11] Docs. 136-44, -45.
[12] Doc. 136-3.
[13] Doc. 136-4.
[14] Doc. 1-2.
[15] Id. at ¶ 48.

Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). It is important to note that the standard for a summary judgment is two-fold: (1) there is no genuine dispute as to any material fact, *and* (2) the movant is entitled to judgment as a matter of law.

## II.    ANALYSIS

Hess' motion asserts entitlement to judgment as a matter of law based on application of the subsequent purchaser doctrine.  The subsequent purchaser doctrine is a jurisprudential rule which provides that

> an owner of property has no right or actual interest in recovering from a third party for damage which was inflicted on the property before his purchase, in the absence of an assignment or subrogation of the rights belonging to the owner of the property when the damage was inflicted.

Eagle Pipe & Supply v. Amerada Hess Corp., 79 So.3d 246, 257 (La. 2011).  As explained by the Louisiana Third Circuit Court of Appeal in Lejeune Bros., Inc. v. Goodrich Petroleum Co., LLC, 981 So.2d 23 (La. App. 3 Cir. 2007), Louisiana jurisprudence overwhelmingly classifies a right of action on damages to land as a personal right, rather than a real right that runs with the land. La. Civ. C. Art. 1758; Lejeune, 981 So.2d at 31.

Hess urges summary judgment dismissing all claims for damage to Tracts 1 and 2, asserting that the 2006 and 2007 Cash Sales by which Plaintiff acquired such property did not contain express assignments of the rights to sue for pre-acquisition damage.  Hess points out, additionally, that Plaintiff did not acquire an ownership interest in Tract 1 until approximately 59 years after Hess' predecessor's only well, No. 6, was plugged and abandoned.  Similarly, Hess argues that Hess' predecessors ceased operations on Tract 2 more than 55 years prior to Plaintiff's acquisition of the property.  Accordingly, argues Hess, Plaintiff cannot show a right of action under these facts.  We agree.

4

As described in our recitation of the facts above, Plaintiff acquired ownership of Tract 1 by an Act of Cash Sale, dated March 10, 2006. The Cash Sale provides, in part,

> …SELLER hereby sells and delivers with full warranty of title and subrogation to all rights and actions of warranty SELLER may have…[16]

Courts applying Louisiana law in interpreting similar contractual language decline to impute any transfer of personal rights to such clauses. See, e.g. Broussard v. Dow Chemical Co., 550 Fed. Appx. 241, 243 (5th Cir. 2013) (finding that the language "…with full and general warranty of title, and with full subrogation to all the rights and actions in warranty against any and all former owners and vendors…" was insufficient to constitute an express transfer of personal rights of action); Boone v. Conoco Phillips Co., 139 So.3d 1047, 153 (La. App. 3 Cir. 2014) (rejecting the transfer of personal rights of action based upon the language, "transfer[s] and deliver[s] with full guarantee of title and free from all encumbrances and with subrogation to all of its rights and actions of warranty against previous owners").

An Act of Cash Sale dated June 25, 2007 is the origin of Plaintiff's ownership interest in Tract 2. This instrument provides that the sellers

> by these presents grant, bargain, sell, convey, transfer, assign, set over, abandon and deliver with all legal warranties and with full substitution and subrogation to the all the rights and action of warranty which said vendor may have against all preceding owners and vendors, unto: JUSTIN DALE TUREAU…the following described property.[17]

As above, jurisprudence rejects language such as used in the 2007 Cash Sale as a basis for transfer of personal rights. Accordingly, we find that Hess has proven its allegation that Plaintiff

---

[16] Doc. 136-3 at p. 2.
[17] Doc. 136-4 at p. 2.

was not expressly assigned and therefore does not possess rights of action for pre-acquisition damage to Tracts 1 and 2.

## III.    CONCLUSION

After review of the law and argument advanced by the parties, as well as the evidence submitted in this matter, the court finds that the Hess, as movant herein, amply demonstrates its entitlement to judgment as a matter of law.  Specifically, the court finds that the acts of cash sale by which Plaintiff acquired ownership interest in the property at issue in this case do not expressly assign the personal rights to sue for pre-acquisition damage to property to Plaintiff.  We reject Plaintiff's argument inviting the court to interpret Louisiana law contrary to the overwhelming majority of courts to consider this issue and, instead, agree with the movant that the subsequent purchaser doctrine applies in this matter.  Accordingly, Plaintiff does not possess such rights of action and such claims by him must now be dismissed.  The court will issue a judgment in conformity with these findings.

Alexandria, Louisiana
August 22nd, 2016

**DEE D. DRELL, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**